## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **FRANCISCO MONTES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-4095-RDR** |
| | ) | |
| **TIFFANY MYTTY-KLEIN, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's second motion for appointment of counsel (Doc. 23) and defendants' motion to continue the mediation deadline (Doc. 24). For the reasons set forth below, plaintiff's motion is DENIED and defendants' motion is GRANTED.

### Plaintiff's Motion for Appointment of Counsel (Doc. 23)

Plaintiff, who proceeds *in forma pauperis*, previously sought the appointment of counsel but that motion was denied without prejudice to refiling.  (*See* Order, Doc. 18). Plaintiff now submits a renewed motion for appointment of counsel (Doc. 23); however, the motion is nearly identical to the first.  The court's discretionary authority to appoint counsel was discussed in the previous order and will not be repeated.  After a review of

the considerations cited by the Tenth Circuit Court of Appeals in *Castner v. Colorado Springs Cablevision*,[1] plaintiff's renewed motion shall be denied.

The analysis of the first two *Castner* factors mirrors that of the prior order—both plaintiff's financial situation and his efforts to locate counsel remain largely unchanged. Because plaintiff proceeds *in forma pauperis* and maintains that "nothing has changed on behalf of his financial situation," this factor still weighs in plaintiff's favor.  Additionally, although defendants argue that plaintiff has been "less than diligent" in his search for counsel, the court previously found that plaintiff had demonstrated satisfactory efforts.  In fact, after his initial motion, plaintiff contacted the Kansas Bar Association and the Kansas City Metropolitan Bar Association to seek additional referrals.  Therefore, his diligence in searching for counsel also weighs in favor of appointment.

However, following plaintiff's second request for counsel, the court has had an opportunity to further evaluate *Castner* factors three and four:  the merits of plaintiff's case and his capacity to prepare and present the case without the aid of counsel.[2]   Neither factor weighs in favor of appointment.  As suggested by the Tenth Circuit,[3] the court reviewed the Kansas Human Rights Commission's investigative file relating to the Charge of Discrimination filed by plaintiff, KHRC Docket No. 37064-14 (EEOC Charge No. 28D-2014-0031C).[4]  Based upon the review of that file, the court finds that plaintiff's

---

[1] 979 F.2d 1417, 1420-21 (10th Cir. 1992).

[2] *Id.*

[3] *Id.* at 1422 (noting that while the court "may not give preclusive effect to an EEOC [Equal Employment Opportunity Commission] finding," the EEOC's finding is a "highly probative factor" and the "court should ordinarily review the EEOC investigative file" to assist in determining the potential merit of plaintiff's claim).

[4] *See* Order Compelling Production of Kansas Human Rights Commission File (Doc. 21).

claims do not have sufficient merit to warrant the appointment of counsel.  Additionally, plaintiff participated meaningfully in the January 20, 2015 scheduling conference and was both responsive and articulate.  At this time, plaintiff is found to be capable of presenting this non-complex case without the aid of counsel.

The relevance of plaintiff's criminal history appears to be a distraction at this early stage of the case.  Defendants claim that plaintiff's criminal history suggests a lack of credibility and therefore plaintiff should not receive the benefit of free legal counsel. Plaintiff responds that the reference to his criminal record is highly prejudicial; the court tends to agree.  While defendant may be entitled to the discovery of plaintiff's criminal history[5] and his credibility will be at issue should the case proceed to trial, that history is irrelevant to the appointment of counsel.  Defendants cite no authority to support their argument, the court has located none, and given the outcome of the *Castner* inquiry, plaintiff's criminal history is not relevant in the analysis of his request for counsel.  For the reasons discussed above, the court DENIES plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel **(Doc. 23)** is **DENIED**.   A motion for reconsideration of this order under D. Kan. Rule 7.3 will be viewed with disfavor in light of the two orders denying the appointment of counsel.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence

---

[5] *See Abraham v. B.G. Boltons' Grille & Bar*, No. 06-1281-MLB-DWB, 2007 WL 1146585, at *5 (D. Kan. Apr. 17, 2007) (recognizing that courts "have routinely allowed discovery of a party's criminal past in employment discrimination cases").

that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motions were briefed or argued is inappropriate.[6]   Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in *Comeau v. Rupp*.[7]   The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

### Defendants' Motion to Continue Mediation (Doc. 24)

Defendants seek an order continuing the mediation deadline of May 20, 2015 previously set by the Scheduling Order (Doc.19).  No response in opposition has been filed; therefore, the motion is uncontested and may be granted without further notice pursuant to D. Kan. Rule 7.4.

**IT IS THEREFORE ORDERED** that defendants' motion to continue mediation (**Doc. 24**) is **GRANTED.**  Mediation in this case shall be held within sixty (60) days after the court rules on any dispositive motions.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of April 2015.

s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[6] *Comeau v. Rupp*, 810 F. Supp. 1172 (D. Kan. 1992).
[7] *Id.*