# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRANCISCO MONTES, JR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-4095-KHV |
| TIFFANY MITTY-KLEIN, et al., ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff brings suit pro se against Tiffany Mitty-Klein, Director of Employee Relations, and Omaha Truck Center, Inc.  Plaintiff alleges employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq.  See Complaint (Doc. #1) filed September 26, 2014.

On December 10, 2015, Magistrate Judge Gwynne E. Birzer found that plaintiff unjustifiably failed to appear for his deposition.  See Order On Motion Hearing (Doc. #44) at 2. She ordered plaintiff to provide disclosures, respond to defendants' letters regarding inadequate discovery responses and appear for deposition on January 7, 2016.  See id. at 2, 4.  In addition, Judge Birzer imposed sanctions of $680.63 and warned plaintiff that "any further failure to participate in discovery may result in severe sanctions, **including a recommendation that his case be dismissed**."  Id. at 4-5 (emphasis in original).

Plaintiff did not comply with the Court's order.  See Defendant's Notice Regarding Plaintiff's Noncompliance With Court Order (Doc. #49) filed January 26, 2016.  On January 27, 2016, Judge Birzer ordered plaintiff to show cause in writing why the Court should not dismiss

the case for failure to prosecute.  See Notice And Order To Show Cause (Doc. #50).[1] Specifically, Judge Birzer stated that "it appears that plaintiff has taken no active steps to prosecute his lawsuit, participate in the discovery process, and he failed to notify the court of any change of address."  Judge Birzer noted that plaintiff did not complete propounded written discovery, did not appear for his deposition, did not appear at a motions hearing on December 2, 2015 and did not participate in a telephone status conference on January 22, 2016.  See id. at 1-3.  Judge Birzer ordered that on or before February 16, 2016, plaintiff show cause in writing why pursuant to Rule 41(b), Fed. R. Civ. P., the Court should not dismiss the case with prejudice for lack of prosecution.  See id. at 3.  Plaintiff did not respond to the show cause order.

Repeated failures to abide by deadlines or to obey court orders justify dismissal under Rules 37(b)(2) and 41(b), Fed. R. Civ. P.[2]  See Anthony v. Alorica, Inc.,

---

[1]  The Court sent plaintiff a copy of the show cause order by certified and regular U.S. mail to his last known address.  See docket text for Doc. #50.  Although the post office returned both pieces of mail as undeliverable, see Docs. #51 and #52, the Court finds that plaintiff received sufficient notice of the order to show cause.  See D. Kan. Rule 5.1(c)(3) (pro se party must notify Clerk in writing of any change in address; notice mailed to last address of record is sufficient notice).

[2]  Rule 37(b)(2) states in relevant part as follows:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [which] may include [] dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A)(v).

Rule 41(b) states in relevant part as follows:

(continued…)

Nos. 08-2437-CM-KGS, 08-2438-JAR-KGS, 2009 WL 4611456, at *2 (D. Kan. Dec. 4, 2009), aff'd, 380 F. App'x. 766 (10th Cir. 2010).  Because of the harshness of dismissal, due process requires that the violation be predicated upon willfulness, bad faith or some fault of plaintiff rather than inability to comply.  See Archibeque v. Atchison, Topeka & Santa Fe. Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995); Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). Before imposing dismissal as a sanction, the Court considers the following factors: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned plaintiff in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d at 920-21.  These factors do not constitute a rigid test; rather, they represent criteria for the Court to consider before imposing dismissal as a sanction.  Id. at 921.

Here, all of the Ehrenhaus factors favor dismissal.  As to the first two factors, defendants have been prejudiced by plaintiff's repeated refusal to respond to discovery requests, and plaintiff's delay and inaction have interfered with the judicial process and caused inconvenience to the Court.  As to the third factor, plaintiff has not responded to multiple court orders and discovery requests.  Under these circumstances, the Court concludes that plaintiff's non-compliance is willful.  As to the fourth factor, the Court has twice warned plaintiff that if he did not comply with court orders and/or respond to the show cause order, dismissal would be a likely

---

(... continued)

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

- 4 -

sanction. Finally, given plaintiff's complete failure to respond to the show cause order, the Court finds that lesser sanctions would not be effective. Under these circumstances, the Court finds that plaintiff's repeated failures to abide by court deadlines and orders justify dismissal of his claims with prejudice under Rules 37(b) and 41(b).

**IT IS THEREFORE ORDERED** that plaintiff's claims in this case be and hereby are **DISMISSED with prejudice.** The Clerk is directed to enter judgment in favor of defendants.

Dated this 27th day of April, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
